```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

JOE HART                                                    PLAINTIFF

   v.                    Civil No. 07-5088

JEREMY COFFEE                                               DEFENDANT

## ORDER

    NOW on this 30th day of October 2007, comes on for consideration defendant's **Motion to Substitute the United States for the Individual Named Defendant, Jeremy Coffey, and to Dismiss Complaint** (document #4) and plaintiff's response thereto.  The Court, having reviewed all matters of relevance before it and being well and sufficiently advised, finds and orders as follows:

    1. Plaintiff, Joe Hart, commenced this lawsuit on May 1, 2007 against defendant, Jeremy Coffey, Acting Postmaster in Fayetteville, Arkansas.  Plaintiff is employed by the United States Postal Service as a rural letter carrier for the Prairie Grove Post Office.  In his complaint, plaintiff states that defendant has "willfully, maliciously, and intentionally defamed the character of plaintiff causing him harm."  Doc. 1 at 3.

    2. Defendant now moves this Court to substitute the United States as the proper defendant in place of Jeremy Coffey and dismiss the complaint for insufficiency of service of process, lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted.

Specifically, defendant argues that as against him, in his individual capacity, the complaint should be dismissed for insufficiency of process and insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(i)(2)(B).  Further, defendant argues that as he was acting within the scope of his official duties in this matter, the United States should be substituted as the defendant in his place.  Defendant states that the complaint should then be dismissed as to the United States because this Court lacks subject matter jurisdiction – as plaintiff has failed to exhaust administrative remedies (28 U.S.C. § 2657) and has failed to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)).

In his reply, plaintiff simply argues that, as defendant was acting in his individual capacity, defendant should be solely and individually responsible for his actions.  Plaintiff's response does not address the sufficiency of process or service.

3. As a threshold matter, the Court will address defendant's argument with respect to insufficiency of process and insufficiency of service of process.  Proper service of process is fundamental and significant because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  Printed Media Services, Inc. V. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted).  Pursuant to

Federal Rule of Civil Procedure 4, service on "an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by serving the United States in a manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule (e), (f), or (g). Fed. R. Civ. P. 4(i)(2)(B). Rule 4(i)(1) provides that,

> Service upon the United States must be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney.

Fed. R. Civ. P. 4(i)(1)(A). Moreover, Rule 4(i)(1) requires that plaintiff also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the

United States at Washington, District of Columbia.  Fed. R. Civ. P. 4(i)(1)(B).

From the pleadings and records on file, it appears that defendant failed to properly perfect service with respect to the United States attorney and the Attorney General of the United States, as required under Federal Rule of Civil Procedure 4(i)(1).  Consequently, plaintiff has not properly obtained service on defendant Coffey – a federal employee named in his personal capacity.  For these reasons, the Court finds that, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5), the instant motion should be granted and the complaint should be dismissed for insufficiency of process and insufficiency of service of process.  Because the Court has ruled on the motion on the above grounds, it will not address the other bases for dismissal set forth by defendant.  And, for the same reason, the Court will not address defendant's motion for substitution.

IT IS, THEREFORE, ORDERED that defendant's **Motion to Substitute the United States for the Individual Named Defendant, Jeremy Coffey, and to Dismiss Complaint** (document #4) should be, and it hereby is, **GRANTED.**

IT IS FURTHER ORDERED that plaintiff's complaint as stated against Jeremy Coffey should be, and it hereby is, **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**